IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VERNON ANTHONY MILLER,          §
                                §
            Movant,             §
                                §
V.                              §          No. 3:16-cv-1857-G-BN
                                §
UNITED STATES OF AMERICA,       §
                                §
            Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Vernon Anthony Miller, a federal prisoner, proceeding *pro se*, has filed

an unauthorized successive motion to vacate, set aside, or correct his federal sentence

pursuant to 28 U.S.C. § 2255, *see* Dkt. No. 1, along with a motion to hold the motion

to vacate in abeyance pending the United States Court of Appeals for the Fifth

Circuit's decision regarding authorization to file a successive motion, *see* Dkt. No. 3;

*see also* Dkt. No. 5 (motion to supplement the Section 2255 motion).

This action has been referred to the undersigned United States magistrate judge

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United

States District Judge A. Joe Fish.

The undersigned issues the following findings of fact, conclusions of law, and

recommendation that, because the Court lacks jurisdiction over Miller's unauthorized

successive Section 2255 motion, that motion should be dismissed without prejudice

rather than transferred to the Fifth Circuit (because Miller has already moved for

-1-

authorization to file a successive Section 2255 motion in the Fifth Circuit) and the
motion to abate and the motion to supplement should be denied.

### Applicable Background

Following a 1995 trial, Miller was convicted of conspiracy (to commit bank
robbery, interference by threats or violence, and transportation of a stolen vehicle), in
violation of 18 U.S.C. §§ 371, 2113(a) and (d), 1951(a), and 2312 [Count 1]; aiding and
abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2 [Counts 2, 4,
and 6]; aiding and abetting the use of a firearm during a crime of violence, in violation
of 18 U.S.C. §§ 924(c)(1) and 2 [Counts 3 and 7]; and aiding and abetting interstate
transportation of a stolen vehicle, in violation of 18 U.S.C. §§ 2312 and 2 [Count 8].
Miller was found not guilty as to Count 5, a separately alleged violation of Section
924(c)(1), and he was sentenced to 468 months' incarceration.

On direct appeal, the Fifth Circuit affirmed his convictions in an unpublished
decision, *see United States v. Miller*, 87 F.3d 1312, 1996 WL 335547 (5th Cir. May 17,
1996), and the Supreme Court denied Miller's petition for writ of certiorari, *see Miller
v. United States*, 519 U.S. 906, 117 S. Ct. 265 (1996).

Miller also has collaterally attacked his convictions previously. *See United States
v. Miller*, No. 3:97-cv-2459-G (N.D. Tex.).

Through the current motion to vacate, Miller contends that in light of *Johnson
v. United States*, 135 S. Ct. 2551 (2015), the Court should vacate his Section 924(c)
convictions, which were premised on federal bank robbery being a "crime of violence,"
*see* 18 U.S.C. § 924(c)(3); *but see In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL

3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize successive, *Johnson*-based challenge "to the differently worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)).

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate-certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any

successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file" such a motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *cf. Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015) (per curiam) (Movant "has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another. Consequently, the district court properly concluded that it lacked jurisdiction over the motion." (citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)); *United States v. Caicedo-Obando*, 426 F. App'x 301, 302 (5th Cir. 2011) (per curiam) ("The appeal is frivolous because the notice-motion was a successive § 2255 motion that the district court did not have jurisdiction to consider without authorization from this court, which was neither sought nor given." (again citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)).

This clear lack of jurisdiction routinely requires that judges of this Court either deny an unauthorized successive Section 2255 motion or transfer such a motion "for want of jurisdiction" under 28 U.S.C. § 1631. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))); *see, e.g., Garcia v. United States*, Nos. 3:12-cv-2420-M-BK & 3:06-cr-303-M (01), 2012 WL 3636876, at *1 (N.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3636873 (N.D. Tex. Aug. 22, 2012) ("Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first

-4-

granted the petitioner permission to file such an application." (citing *Key*, 205 F.3d at 774)).

## Analysis

Regardless of any merit, because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Miller's successive Section 2255 motion should be denied without prejudice to him seeking authorization from the Fifth Circuit to pursue such a motion (a step Miller indicates he already has taken).

As to his motion requesting that this Court abate the Section 2255 motion while he seeks authorization from the Fifth Circuit to file a successive motion to vacate, Miller provides no authority to support such a request. *See* Dkt. No. 3.

While this Court obtains jurisdiction over a successive habeas application to assess its jurisdiction to the extent of deciding if the application is successive, once it is decided that the application is indeed successive, the Court has only two options – dismiss for lack of jurisdiction or transfer under Section 1631. There is no other option.

The undersigned recognizes that a limited stay-and-abeyance doctrine is sparingly applied to 28 U.S.C. § 2254 habeas applications that present claims a petitioner fails to exhaust in state court. But, unlike an unauthorized successive habeas application, over which a district court has no jurisdiction, a district court can rule on the merits of unexhausted claims in a Section 2254 petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") (cited in *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[E]ven if a

petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.")); *cf. Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" (quoting *Rhines*, 544 U.S. at 277)).

A stay pursuant to *Rhines* is therefore different, because dismissal for failure to exhaust is prudential, not jurisdictional. *See Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Staying this action is also unnecessary, for at least two other reasons.

First, in recent cases in which movants have sought authorization to file a successive motion in the Fifth Circuit without also filing their motions in this Court, the Fifth Circuit's orders granting authorization have instructed this Court that "[t]he filing date shall be, at the latest, the date the motion for authorization was received in [the Fifth Circuit], unless the district court determines that an earlier filing date should apply." *In re Edmonds*, No. 16-10673 (5th Cir. June 27, 2016) (per curiam) (transferred to this Court with a clerk's letter providing that "[i]n light of this court's order, the 2255 motion should be filed as of May 25, 2016").

Moreover, the applicable limitations period is subject to equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

## Recommendation

Because the Court lacks jurisdiction over Miller's unauthorized successive Section 2255 motion, and because Miller has already moved for authorization in the Fifth Circuit, the Court should dismiss the Section 2255 motion without prejudice, and the Court also should deny the motion to abate [Dkt. No. 3] and the motion to supplement [Dkt. No. 5].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE